UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v.     ) | C.A. No. 06cr10036-NG |
| ) | |
| **EDDIE GAUTIER,** ) | |
| **Defendant.** ) | |

GERTNER, D.J.:

### MEMORANDUM AND ORDER
May 11, 2007

Defendant Eddie Gautier ("Gautier") moves to suppress a handgun found by a search of his person, and statements made following his arrest.

Based on the testimony presented at the hearing, Defendant's Motion to Suppress Physical Evidence and Statements (document #19) is **DENIED**. Officer Blas testified that a companion of Gautier's said, in his direction, "Get the burner." If I believe that testimony, then I must also conclude that the police had probable cause to search all of the men in the group. Terry v. Ohio, 392 U.S. 1 (1968). Mr. Gautier vigorously denies the statement was made. His further argument that it would be implausible for men who "knew the drill" to suggest armed resistance to officers makes sense, except that he also admitted that all of the men were drunk at the time. Additionally, I note that Officer Marrero, also on the scene, did not hear the alleged statement; but that is not devastating to the government's case, as Officer Marrero was standing on the far side of Gautier on the sidewalk.

The standard for evaluating this testimony is lenient: a fair preponderance of the evidence. But I cannot conclude based on that standard that Officer Blas was not telling the truth. <u>Cf.</u> <u>United States v. Dessesaure</u>, 314 F. Supp. 2d 81 (D. Mass. April 13, 2004) rev'd on other grounds, 429 F.3d 359 (1st Cir. Nov. 30, 2005).

I also note that defendant does not dispute the presence of at least one open container of alcohol, an arrestable offense. Had the police chosen to arrest the men for the open container, they would have been entitled to search the defendant incident to the arrest. <u>Chimel v California</u>, 395 U.S. 752, 762-63 (1969).

The government is, however, incorrect in its assertion that the defendant was arrestable on sight for trespassing. Despite the government's conclusory statement in its brief that the Boston Housing Authority "had served notice on Gautier barring him from the premises," there is no evidence that any valid no-trespass order existed against him. Indeed, he was an invitee of his mother, who is an Archdale resident, and he testified that he had coached basketball at the Archdale community center. The police officers' prior orders that he stay out of the Archdale Complex have no force of law. Massachusetts General Laws, Chapter 266, § 120, provides in relevant part:

> Whoever, without right enters or remains in
> or upon the dwelling house, buildings, boats
> or improved or enclosed land, wharf, or pier

>     of another . . . *after having been forbidden
>     so to do by the person who has lawful control
>     of said premises* . . . shall be punished [by
>     a fine and/or imprisonment] . . . . A person
>     who is found committing such trespass may be
>     arrested by a sheriff, deputy sheriff,
>     constable or police officer . . . .

(Emphasis supplied). Ownership and control of public housing authority property is given to the housing authority, not the police. Mass. Gen. L. Ch. 121B, §§ 26, 32, 32C. The police may communicate no-trespass orders at the behest of the housing authority, but they have no legal power to issue them at their own whim to invitees of legal residents.

As the search was lawful, defendant's later statements concerning it are not fruit of the poisonous tree.

Accordingly, Defendant's Motion to Suppress Physical Evidence and Statements (document #19) is **DENIED.**

**SO ORDERED.**

**Date:  May 11, 2007**     */s/Nancy Gertner*
                            **NANCY GERTNER, U.S.D.C.**